**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH C. MELFI<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse, WELLS FARGO BANK and DOES 1-5,<br><br>Defendants. | ) | Civil Action No. 08-024ML |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Now come the Defendants Wells Fargo Bank N.A., and Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanley ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse (collectively hereinafter, the "Defendants") and move that this Honorable Court dismiss the Plaintiffs Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

As explained in the accompany memorandum of law, which is incorporated herein by reference, Plaintiff's claim for rescission and damages under the Truth In Lending Act, 15 U.S.C. § 1635 ("TILA") must fail because the lender fully and completely disclosed all statutorily required information. For the reasons stated herein and in the supporting memorandum of law, this Court should grant the Defendants motion to dismiss.

WHEREFORE, Defendants requests that this Court grant their motion to dismiss and grant any other relief that it deems just and proper.

Respectfully Submitted,

Wells Fargo Bank, N.A., and
Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanly ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse,

By Their Attorneys,

/s/ John J. Flanagan

John J. Flanagan (RI Bar #3099)
Airport Professional Park
2348 Post Road
Warwick, RI 02886

And,

**Pending *pro hac vice* motion,**

Jeffrey Patterson
David E. Fialkow
Nelson Mullins Riley & Scarborough LLP
66 Long Wharf
Boston, MA 02110
(617) 573-4700

## CERTIFICATE OF SERVICE

I, John J. Flanagan, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 10, 2008

/s/ John J. Flanagan

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOSEPH C. MELFI<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse, WELLS FARGO BANK and DOES 1-5,<br><br>Defendants. | Civil Action No. 08-024ML |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Wells Fargo Bank and Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanley ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse (hereinafter collectively referred to as "Defendants") submit this memorandum of law in support of their motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In his Amended Complaint Plaintiff attempts to assert an action for rescission and damages under the Truth In Lending Act, 15 U.S.C. § 1635 ("TILA"). Plaintiff's claims are premised on an alleged incomplete notice of right to cancel, which Plaintiff attached to his Amended Complaint. Plaintiff's claims must fail as a matter of law because Plaintiff did receive all statutorily required

information in both a fully executed Notice of Right to Cancel as well as the unexecuted version attached to the Amended Complaint.

## STATEMENT OF FACTS

On or around April 7, 2006, Plaintiff obtained a loan from, and granted a mortgage to, WMC (the "Loan"). See Am. Compl. ¶5. Plaintiff executed and received various loan documents including, but not limited to, a note in the amount of $190,000.00, a mortgage, a truth in lending statement, a notice of right to cancel, and a HUD-1 settlement statement. Am. Compl. ¶6. Plaintiff claims that the notice of right to cancel was incomplete because the notice had two fill-in-the-blank date fields left blank – the date of the transaction and the date of the expiration of the right to cancel. Am. Compl. ¶22. Plaintiff attached a copy of this purported notice of right to cancel. See Am. Comp., Exhibit 1. Along with the date of April 7, 2006, clearly reflected in the upper right hand corner of the notice, the other relevant portions of the notice attached to Plaintiff's Amended Complaint are:

> You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs LAST:
>
> (1) The date of the transaction, which is ______________________; or
> (2) The date you receive your Truth in Lending disclosures; or
> (3) The date you received this notice of your right to cancel.
>
> * * *
>
> If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ______________________ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).

Am. Comp., Exhibit 1.

In addition to receiving this allegedly unsigned notice, Plaintiff also reviewed and signed two copies of fully completed Notices of Right to Cancel which had all blanks filled in with

dates. See Exhibit A, Two Copies of Executed Notice of Right to Cancel dated April 7, 2006.[1] The executed Notices, which are on the same form attached to the Amended Complaint, reflect the date of the transaction and the date of the expiration of the cancellation period.[2] Despite signing these notices and admittedly receiving an unsigned, but dated, version of the same notice, Plaintiff claims that he did not receive the proper notice of his cancellation rights under TILA.

**ARGUMENT AND AUTHORITIES**

As repeatedly note by the First Circuit, TILA was designed to provide consumers with meaningful disclosures, but it was not enacted to create lender liability for honest, hyper-technical mistakes. See e.g. Santos-Rodriguez v. Doral Mortg. Corp., 485 F.3d 12 (1st Cir. 2007) (noting imperfect disclosures sufficient to meet statutory and regulatory TILA requirements); McKenna v. First Horizon Home Loan Corp., 475 F.3d 418 (1st Cir. 2007) (holding Congress did not intend "overwhelming liability for relatively minor violations" of TILA); Palmer v. Champion Mortg., 465 F.3d 24 (1st Cir. 2006) (holding TILA notice sufficient despite inaccuracies which a reasonable consumer would have understood). Through the years TILA has been amended to account for greater tolerance for lender disclosure mistakes.

> Congress proceed to amend the TILA to provide higher tolerance levels for what it viewed as honest mistakes in carrying out disclosure obligations. *See* Truth in Lending Act Amendment of 1995, Pub. L. No. 104-29, § 3, 109 Stat. 271, 272-73. In taking this step Congress made manifest that although it had designed the TILA to protect consumers, it had not intended that lenders would be made to face overwhelming liability for relative minor violations.

---

[1] Two distinct copies of the form are attached. The signatures of the borrower and co-borrower are distinctly different on each thereby indicating that two forms were actually provided to, and signed by, the borrower.

[2] For the reasons stated in Part II of the Memorandum, this Court should consider the fully completed and signed Notice of Right to Cancel attached to this memorandum in deciding this motion to dismiss.

McKenna, 475 F.3d at 424. Congressional intent and First Circuit case law tolerating minor TILA violations is particularly applicable in this case where borrower received sufficient disclosures.

## I. RULE 12(b)(6) STANDARD

The United States Supreme Court recently clarified and, in effect, heightened Rule 8 pleading requirements when it expressly rejected the oft-cited "no set of facts" language of Conley v. Gibson, 355 U.S. 41 (1957). See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) ("The [no set of facts] phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard"). Now, to survive a motion to dismiss, the plaintiff must allege "enough factual matter (taken as true)" to support each of his claims. Bell Atlantic, 127 S. Ct. at 1965. The plaintiff must allege more than "bald assertions, unsupportable conclusions, and 'opprobrious epithets' to survive a motion to dismiss." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987); see also Palmer v. Champion Mortgage, 465 F.3d 24, 28 (1st Cir. 2006) (while court must "view the well-pleaded facts in light most favorable to plaintiff, [it] need not 'swallow [her] invective hook, line, and sinker"). In the context of purported TILA violations, courts "focus the lens of [their] inquiry on the text of the disclosure themselves rather than on plaintiffs' descriptions of their subjective understandings." Palmer, 465 F.3d at 24 (citing Barnes v. Fleet Nat'l Bank, 379 F.3d 164, 172-74 (1st Cir. 2004). Applying this 12(b)(6) standard to Plaintiff's claims, it is clear that he has failed to state a cause of action.

## II. THE NOTICE OF RIGHT TO CANCEL SIGNED BY PLAINTIFF CONTAINS ALL REQUIRED DISCLOSURES.

The Notice of Right to Cancel provided to, and signed by Plaintiff, on the date of the loan transaction disclosed all required TILA information. Pursuant to TILA, a creditor in a secured credit transaction is required to disclose that a borrower has the right to rescind the transaction

within 3 business days of the later of "consummation of the transaction or the delivery of the information and rescission forms." The specific information required to be disclosed is set forth in regulations commonly referred to as Regulation Z. The disclosure requirements at issue in this case are set forth in 12 C.F.R. § 226.23, which states:

> The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii) The consumer's right to rescind the transaction.
> (iii) How to exercise the right to rescind with a form for that purpose, designating the address of the creditor's place of business.
> (iv) The effects of rescission, as described in paragraph (d) of this section.
> *(v) The date the rescission period expires.*

12 C.F.R. § 226.23(b)(1). Here, Plaintiff alleges that date that the rescission period expires (12 C.F.R. § 226.23(v)) was excluded from the form. Plaintiff also alleges that the date of the transaction was excluded, but does not refer to any statute or regulation requiring that it be provided. Whether the absence of such information renders a disclosure ineffective is inconsequential in this case because two copies of the Notice of Right to Cancel, which were completely filled out with all required dates, were provided to and signed by Plaintiff on the date of the loan transaction. See Exhibit A.

Even at this motion to dismiss stage, this Court can, and should, consider the Notices of Right to Cancel signed by Plaintiff. "When ... a complaint's factual allegations are expressly linked to - - and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." See Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998); see also Chmielinski v. Mass. Office of the Comm'r of

Probation, 513 F.3d 309, 312 (1st Cir. 2008) ("In reviewing a Rule 12(b)(6) motion, we may consider 'documents the authenticity of which are not disputed by the parties; .... Documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'"). In the TILA context,

> Consideration of the Notices is appropriate in the context of the motion to dismiss. When documents are central to a plaintiff's claims, the documents can be considered at the pleading stage. *Palmer v. Champion Mortg.*, 465 F.3d 24, 28 (1st Cir. 2006)

Carye v. Long Beach Mortg. Co., 470 F. Supp. 2d. 3, 9 (D. Mass. 2007). The signed Notices of Right to Cancel are central and dispositive to the issue of law presented in this case. And, Plaintiff's reference to the disclosure mandates its consideration on this Motion. Moreover, Plaintiff admits that he entered into the loan transaction and executed and was provided various loan documents. Therefore, this Court should consider the executed Notice, and based on the complete disclosures therein, dismiss Plaintiff's Complaint in its entirety.

## II. EVEN IF THIS COURT DOES NOT CONSIDER THE FULLY EXECUTED NOTICE OF RIGHT TO CANCEL, THE FORM ATTACHED BY PLAINTIFF STILL INCLUDES ALL REQUIRED TILA DISCLOSURES.

Plaintiff claims that the notice of right to cancel that he received was ineffective because two dates on the form were left blank – the date of the loan transaction and the date that the statutory rescission period expired. The United States Court of Appeals for the First Circuit and district courts within this circuit agree that disclosures omitting or even misstating such cancellation rights do not automatically render such disclosures ineffective or illegal. See e.g. Santos-Rodriguez , 485 F.3d at 17-18 (noting use of incorrect disclosure form sufficient because reasonable person would have understood rescission rights); Palmer, 465 F.3d at 13-14 (overlooking incorrect rescission expiration date provided on disclosure form noting "courts ought not to invent ambiguities that do not in fact exists"); Carye v. Long Beach Mortg. Co., 470

F. Supp. 2d. 3, 9 (D. Mass. 2007) (relying on Palmer and finding notices omitting date of transaction sufficient); Megitt v. Indymac Bank, 2008 U.S. Dist. LEXIS 30475 (D. Mass. 2008) (relying on Palmer and finding notices omitting actual date of expiration of rescission period sufficient). It is against this First Circuit backdrop of accepting honest yet incomplete or incorrect TILA disclosures, that Plaintiff asserts his claims.

**A. Omission Of The Transaction Date On Notice of Right To Cancel Does Not Render Disclosure Ineffective.**

First, Plaintiff relies on an alleged hyper-technical omission of the transaction date from the portion of the Notice of Right to Cancel, which lists the last date from which the borrower's three day right to cancel runs. Even assuming that the form Plaintiff relies on constitutes the actual disclosure at issue in the case, the omission of the transaction date does not render the disclosure ineffective. The adequacy of a particular disclosure must be looked at from the viewpoint of the "average consumer." See Palmer, 465 F.3d at 28 ("courts must evaluate the adequacy of TILA disclosures from the vantage point of a hypothetical average consumer -- a consumer who is neither particularly sophisticated no particularly dense). A so-called "reasonable consumer" would fully understand the date of the transaction even if it was not included on the actual notice. See Carye v. Long Beach Mortg. Co., 470 F. Supp. 2d. 3, 9 (D. Mass. 2007) (relying on Palmer and finding notice of right to cancel sufficient even though the date of the transaction was not filled-in on notice). In this case, however, the date of the transaction actually appears in the upper right hand corner of the notice attached to Plaintiff's Complaint. See Am. Compl, Ex. 1. Binding First Circuit precedent and subsequent First Circuit District Court case law require that Plaintiff's claims must fail.

In Palmer a borrower brought an action to rescind a loan based upon an allegedly confusing notice of right to cancel. In that case, the notice of right to cancel (which is

substantively identical to the one at issue in this case) stated that the borrower had the right to cancel within three business days of from whichever of the following events occurs last:

(1) the date of the transaction, which is MARCH 28, 2003;
(2) the date you received your Truth-in Lending disclosures; or
(3) the date you received this notice of your right to cancel.

The notice further provided that the notice to cancel "must be sent no later than midnight of April 1, 2003 (or midnight of the third business day following the latest of the three events listed above)." The borrower, however, did not receive the form until after April 1, 2003, and the borrower claimed that it was confusing because the form claimed the cancellation period ended before she got the notice. The Court in looking at the disclosure "from the vantage point of a hypothetical average consumer" could not understand how a reasonably alert person could be drawn to the erroneous April 1, 2003 date without also reading the twice stated alternative deadlines. Thus, the First Circuit affirmed the district court and held that the notice was clear and conspicuous despite failing to include an accurate date of the expiration of the rescission period.

Following Palmer, the United States District Court for the District of Massachusetts considered the exact same issue presented in this case – whether a plaintiff is entitled to rescission where the notice of cancellation did not include the actual date of the transaction. See Carye, 470 F. Supp. 2d. at 13. In that case, the lender left the date of the transaction field blank on the notice of right to cancel. The Court, relying on the binding First Circuit precedent in Palmer, noted that despite the omission of the transaction date, an average person would nonetheless have been aware of the date of the transaction and the therefore the expiration of the rescission period. See Id. at 14. Therefore, the Court granted the lenders motion to dismiss the rescission claims.

The forms used in Carye and Palmer are substantively identical in all material respects to the form used in this case (including the blank date of the transaction in the Carye notice). However, the notice in this case actually provided the date of the transaction in the upper right hand corner. See Am. Compl., Ex. 1. (showing date of transaction on notice). From the viewpoint of an average consumer, it is unquestionable that a reasonable person (and this Plaintiff) would have been aware of his three day cancellation period. A reasonable person cannot claim that they did not know the date of the transaction, especially where Plaintiff actually received numerous loan documents each bearing the date of the transaction. Plaintiff cannot now, almost a year later, reasonably claim that he was unaware of the transaction date. Because Plaintiff did not assert a claim for rescission within the statutory three-day period, it is waived, and should be dismissed.

**B. Omission Of The Actual Date That The Rescission Period Expires Does Not Render TILA Disclosure Inadequate.**

Plaintiff also relies on a second hyper-technical alleged omission from the notice of right to cancel – the absence of the date that the cancellation period expires. The form attached to the Amended Complaint provides:

> If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ____________________ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).

Am. Compl., Ex. 1. Again binding First Circuit precedent and subsequent First Circuit district court case law controls, and this claim should be dismissed.

As explained in detail above, in Palmer, an incorrect date was provided in the fill-in-the-blank on the notice of right to cancel.[3] Despite the inaccurate disclosure, the Court held that the notice was clear and conspicuous because the plaintiff received all required TILA disclosures

---

[3] The portions of the form at issue in Palmer are substantively the same as those at issue in this case.

including the twice-repeated alternative deadline. After Palmer, at least one court in this circuit has considered the exact same issue presented here.

In Megitt v. Indymac Bank, 2008 U.S. Dist. LEXIS 30475 (D. Mass. 2008), plaintiff sought rescission under TILA because the lender failed to fill in the date that the three day cancellation period expired. The Massachusetts District Court dismissed the plaintiff's claim relying on Palmer and its progeny, by finding that "the purely technical omission in the document embodying the notices makes the ruling here compelling and inevitable."

Here, like in Meggit, the date that the cancellation period expires was not completed on the notice of right to cancel attached to Plaintiff's Complaint. As noted by Palmer, however, the disclosure remains clear and conspicuous because a reasonable consumer would have known the expiration date of the right to cancel where it appears two other times on the form. Indeed, the cancellation period appears in the very same sentence, which states that the cancellation period expires at "...MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above." The time period also appears in the upper portion of the form where the form explains the date from which the rescission period runs. A reasonable consumer would have understood when the three day expiration period expired, and cannot now, almost a year later, claim that the twice repeated three day period has not run. To rule otherwise would fly in the face of Congress's intent to allow greater tolerance for lender disclosure's and the First Circuits refusal to rescind transactions based on hyper-technical violations. Therefore, Plaintiff's rescission claim should be dismissed his demand for rescission was admittedly made after the three day period expired and there is no basis to find that an improper or incomplete disclosure tolled the period.[4]

---

[4] Plaintiff's damages claim must also fail as it relies on the same hyper-technical violations rejected by the First Circuit.

## CONCLUSION

For the reasons states herein, this Court should dismiss Plaintiff's Complaint for failure to state a claim.

Respectfully Submitted,

Wells Fargo Bank, N.A., and
Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanly ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse,

By Their Attorneys,

/s/ John J. Flanagan
John J. Flanagan (RI Bar #3099)
Airport Professional Park
2348 Post Road
Warwick, RI 02886

And,

**Pending *pro hac vice* motion,**

Jeffrey Patterson (BBO # 671383)
David E. Fialkow (BBO # 666192)
Nelson Mullins Riley & Scarborough LLP
66 Long Wharf
Boston, MA 02110
(617) 573-4700

## CERTIFICATE OF SERVICE

I, John J. Flanagan, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 10, 2008

/s/ John J. Flanagan