**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH C. MELFI**<br>**Plaintiff,**<br><br>**VS.**<br><br>**WMC MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Asset Backed Pass Through Certificates Series 2006-WMC2: Under the Pooling and Servicing Agreement Without Recourse, WELLS FARGO BANK and DOES 1-5**<br><br>**Defendants** | : | **C.A. 08-024ML** |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

The Defendants have filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Though they have correctly cited to certain portions of the Amended Complaint and referred to the proper standard for review, their motion mas nevertheless fail for the following reasons.

### A. Defendants' Attempt to Have This Court Consider The Document Attached to Their Motion to Dismiss Is Improper

In their motion to dismiss, Defendants assert that the Notice of Right to Cancel given to Plaintiff contains all the required information under the TILA. In support of this contention, they attach a copy of a completed notice of right to cancel signed by the Plaintiff containing all the required information as Exhibit A to their motion to dismiss. According to Defendants, the

production of this document is tantamount to the death knell of Plaintiff's claim and mandates dismissal. However, Defendants ignore the rebuttable presumption regarding signed acknowledgments concerning completed TILA disclosures expressly provided for under 15 USC 1635 (c). Defendants position is simply untenable.

15 U.S.C. 1635(c) provides in pertinent part that "written acknowledgment of receipt of any disclosures required under this subchapter.... does no more than create a rebuttable presumption of delivery thereof. Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232 B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa .1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

It is grossly improper for Defendants to attach some extraneous document, the content of which is disputed by the parties yet central to the claim for rescission, and expect this Court to

draw inferences at this stage of the litigation. Unfortunately, this tactic was utilized by another mortgage company and flatly rejected in Reese v. Hammer Financial Corp, 1999 WL 1101677 (N.D. Ill.). The Court summarized it's reasoning for rejecting the approach of that Defendant stating:

> This Court disagrees that it is appropriate to consider the document attached to the motion to dismiss. Indeed, the Reeses have attached to their Complaint the document "central" to their improper notice claim-namely, an unsigned Notice of Right to Cancel which they allege violates TILA's cancellation notice requirements. Although the signed Notice of right to cancel attached to the motion to dismiss may be "central" to Hammer Financial's defense of the Reeses' allegations, it does not meet the narrow exception of documents considered part of pleadings. Instead it merely raises questions regarding the factual circumstances surrounding the delivery of the Notice of Right to cancel to the Reeses-questions which would be inappropriate for this Court to pursue in this motion to dismiss.

The logic of Reese is compelling and should be followed by this Court. Accordingly, the Court should ignore the Exhibit A attached to Defendant's motion to dismiss.

**B. This Court Does Not Have The Authority To Ignore The Mandates of Regulation Z**

In cases involving a non-purchase-money mortgage on residential dwellings, the TILA grants the debtor the right to rescind within three days of the transaction or three days from the delivery of the material disclosures, whichever occurs later. 15 U.S.C.S. § 1635(a). Regulation Z **mandates** that a creditor deliver to the homeowner a Notice of Right to Cancel that "clearly and conspicuously discloses," among other things, the "date the rescission period expires." 12 C.F.R. 226.23(b)(1)(v). It is this specific requirement of Regulation Z that the Defendants are asking this Court to ignore.

"Congress has specifically designated the Federal Reserve Board and staff as the primary source for interpretation and application of truth-in-lending law. . ....judges ought to refrain from

substituting their own interstitial lawmaking for that of the Federal Reserve, so long as the latter's lawmaking is not irrational." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555,100 S.Ct. 790 (1980). Accord, Belini v. Wash. Mutual Bank FA, 412 F.3d 17, 20 (1[st] Cir. 2005)("Several agencies have administrative authority under TILA, but the relevant implementing agency for our purposes is the Federal Reserve, which has promulgated a set of regulations (Regulation Z) in this area."). A recent District Court opinion best summarizes the mandatory deference required to be afforded to Regulation Z:

"the Board's interpretations of **TILA** are entitled to a high degree of **deference**. Where, as here, a statute is "silent or ambiguous with respect to the specific issue" covered by an authorized and validly promulgated regulation, courts should sustain the regulation so long as it is "based on a permissible construction" of the statute. *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984.) More specifically, in *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), the United States Supreme Court determined that regulations issued by the Board under **TILA** are entitled to an even greater degree of **deference** than that set forth in *Chevron* due to **TILA's** complexity, the need for uniformity, and evident Congressional intent. The Court held that "[u]nless *demonstrably irrational,* Federal Reserve Board staff opinions construing the Act or Regulation should be dispositive." *Milhollin,* 444 U.S. at 565, 100 S.Ct. 790 (emphasis added). *See also Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 219, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981) (stating, "Absent some obvious repugnance to the statute, the Board's regulation implementing this legislation should be accepted by the courts, as should the Board's interpretation of its own regulation."); *Household Credit Services, Inc. v. Pfennig,* 541 U.S. 232, 238 and 244, 124 S.Ct. 1741, 158 L.Ed.2d 450 (2004) (stating "Congress has specifically designated the [Board] and staff as the primary source for interpretation and application of truth-in lending law" and "judges ought to refrain from substituting their own interstitial lawmaking for that of the [Board]," quoting *Milhollin* )."

In re Washington Mutual Overdraft Protection Litigation, 539 F. Supp 2d. 1136 ( C. D. California 2008)

Though the First Circuit has not yet addressed this precise issue, every Circuit Court that has examined the Supreme Court's directives on this issue has accorded deference to the interpretations of Regulation Z and it's Commentary. Cetto v. LaSalle Bank National Association, 518 F.3d 263 (4[th] Cir. 2008) (Recognizing the Federal Reserve Board and staff as

the primary source of interpretation of the TILA); Hamm v. Ameriquest Mortgage Company, 506 F. 3rd 525( 7th Cir. 2007) ("Courts pay particular heed to the FRB Staff Commentary to TILA's regulations when evaluating an alleged TILA violation.") Ortiz v. Rental Management Inc., 65 F. 3rd 335 ( 3rd Cir. 1995) ("In the presence of such an explicit delegation of congressional authority, we must defer quite broadly to the Board's interstitial regulations."); Fairley v. Turan Foley Imports Inc., 65 F.3rd 475, ( 5th Cir. 1995) ( "To that end, Congress, through the Act, gave the Federal Reserve Board the authority normally given to administrative agencies to promulgate regulations designed to carry out the purposes of the Act... The language of the Act's enabling provision also emphasized the Board's authority to prevent evasion of the rules."); First National Bank of Council Bluffs, Iowa v. Office of the Comptroller, 956 F2d. 1456 ( 8th Cir. 1992) ( "These Supreme Court cases make it abundantly clear that ... attack on the validity of the Official Staff Commentary must fail unless ... demonstrably irrational."). There is simply no contrary authority.

**C. The Overwhelming Majority of Case Law Supports Plaintiff's Position That The Failure To Include A Precise Deadline To Rescind Is Actionable**

The precise deadline for exercising rescission of a mortgage loan is arguably one of the most important pieces of information contained in a Notice of Right To Cancel, and its omission is more than a mere technicality. The importance of providing a deadline for rescission is evidenced by the requirements of Regulation Z: "In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose…[t]he date the rescission period expires." 12 C.F.R.

226.23(b)(1). By requiring multiple copies of the disclosures to each borrower on separate documents, Regulation Z has made clear the importance of the information and the necessity of its effective delivery.

Two Circuit Courts have interpreted the TILA and Regulation Z and addressed the issue presented herein and both support Plaintiff's position. In Semar v. Platte Valley Fed. Sav. & Loan Ass'n., 791 F.2d 699, 702 (9th Cir. 1986), the Ninth Circuit examined a Notice that "omitted the expiration date, although it stated that the rescission right expired three business days after [the transaction date]." The Court concluded that this omission of the expiration date was sufficient to entitle plaintiffs to rescission. Id. at 703. Similarly, in Williamson v. Lafferty, 698 F. 2nd 767 ( 5th Cir. 1983), the Fifth Circuit examined a similar Notice that contained a blank for insertion of the date until which the borrower can rescind that was left blank. In reversing the dismissal of the case by the District Court, the Court allowed rescission of the loan concluding that " the applicable regulation makes clear that failure to fill in the expiration date of the rescission form is a violation of the TILA." Id. at 768.

The case law from other courts also supports Plaintiffs' position. For example, in Reynolds v. D&N Bank, 792 F. Supp. 1035, 1038 (E.D. Mich. 1992), the court observed that merely providing the transaction date followed by the statement "You may cancel this transaction… within three (3) business days from the above date" did not comply with TILA, "particularly when the notice provides for the date to be entered on a separate line which is left blank." In Johnson v. Thomas, 342 Ill. App. 3d 382 (Ill. App. Ct. 2003) the court observed that the "failure to fill in the expiration date on the rescission form violated the TILA and Regulation Z" and entitled the plaintiff to the extended rescission period. 342 Ill. App. 3d at 397. The

number of similar holdings are simply overwhelming. New Maine Nat'l Bank v. Gendron, 780 F. Supp. 52 (D. Me. 1991) (rescission right is extended when expiration date has been omitted); Mayfield v. Vanguard Sav. & Loan Ass'n, 710 F. Supp. 143, 146 (E.D. Pa. 1989);Aquino v. Public Fin. Consumer Discount, 606 F. Supp. 504 (E.D. Pa. 1985) (rescission right extended when no expiration date in notice); Armstrong v. Nationwide Mortgage Plan (In re Armstrong), 288 B.R. 404 (Bankr. E.D. Pa. 2003) (rescission allowed when Notice lacked date of transaction and deadline for rescission); In re Rodrigues, 278 B.R. 683 (Bankr. D.R.I. 2002); Bland v. Carone Family Trust, 2007 WL 951344 (S.D. Cal. Mar. 19, 2007) (granting TRO against foreclosure where consumers alleged that deadline for rescission was left blank); Deans v. Long Beach Mortgage Co., 2007 WL 772892 (W.D. Mich. Mar. 12, 2007) (granting TRO against foreclosure where deadline for rescission was left blank); Conner v. Moss, Codilis, Stawiarski Morris, Schneider & Prior, 2003 WL 21267093 (N.D. Ill. June 2, 2003)( denying motion for judgement on pleading where consumer alleges that deadline to rescind was left blank).

Most compelling is the recent decision of Santos-Rodriguez v. Doral Mortgage Corp., 485 F.3d 12 (1st Cir. 2007), in which the First Circuit recognized the importance of disclosing the deadline for rescission on a Notice of Right to Cancel. In analyzing whether a Notice of Right to Cancel complied with the TILA, the Court turned to the precise section of Regulation Z which the Defendants herein ask this Court to ignore. Quoting Regulation Z, 12 C.F.R. 226.23(b), the First Circuit stated that the TILA "requires that lenders 'clearly and conspicuously disclose' borrowers' rescission rights." Id. (citing 15 U.S.C. 1635(a)). In determining whether the proposed Notice complied with the disclosure requirements under the TILA, the Court went on to enumerate the five elements that must be clearly and conspicuously

disclosed, including the "date the rescission period expires." Id.

Given Santos-Rodriquez's emphasis on the need for clear and conspicuous disclosure of the information required under Regulation Z, 12 C.F.R. 226.23(b) including a rescission deadline, it would be reversible error for this Court to overlook the precise section of Regulation Z that the First Circuit has relied upon to determine TILA rescission rights in other cases. If the position of the Defendants is adopted by this Court, then for all practical purposes the implementing Regulation Z to the TILA will be eviscerated. District Court Judges will have the unique authority to arbitrarily create "interstitial" law in deciding which section, **if any**, of Regulation Z a lender must comply with. The "clear and conspicuous" disclosure standard of Regulation Z could be quickly supplanted by a policy of "anything goes" or one of "pick and choose" enforcement. This application of the law would be disastrous for both consumers and lenders.

**D. The Defendants Misconstrue The First Circuit's Holding In Palmer**

In Palmer v. Champion Mortgage, 465 F.3d 24, 28 (1st Cir. 2006) the First Circuit reviewed a Notice of Right to Cancel for compliance purposes under the TILA which contained a precise deadline to rescind as required by Regulation Z, 12 C.F.R. 226.23(b). In Palmer, the Plaintiff alleged that she left the closing with no material disclosures and received her Notice of Right to Cancel sometime thereafter via the mails. Though Plaintiff ultimately received her disclosures, she nevertheless alleged that the Notice of Right to Cancel was confusing and misleading because it contained a precise deadline to rescind which had already passed by the time she received it in the mail. In affirming the dismissal by the District Court, the Court simply concluded that the information contained on the Notice in parenthesis after the precise deadline to

rescind " or midnight of the third business day following the latest of the three events listed above" was sufficient to notify the consumer of the alternate deadline to rescind.

The facts in this case are clearly distinguishable to those in Palmer. The Notice in Palmer contained all the information required under Regulation Z, 226.23(b). It contained an accurate fixed deadline to rescind the transaction calculated on an accurate date of the loan transaction. In addition, there was no allegation that the Defendant had omitted certain information in violation of Regulation Z. Therefore the First Circuit was not required to discuss or examine the required deference to be afforded to the Federal Reserve Board via Regulation Z discussed, *supra*. Rather, the First Circuit simply addressed whether the content of the Notice was delivered to the consumer in a "clear and conspicuous" fashion when it was received by the borrower via the mails after the loan closing.

Furthermore, Palmer specifically distinguished 3 of the cases cited by Plaintiff to support his position referenced in Part C *Supra* making clear it was not addressing the "infirmities" where a Notice does not contain a precise deadline to rescind. Palmer simply stands for the proposition that a Notice of Right to Cancel is clear and conspicuous if it complies with the TILA and contains the information set forth in the model forms despite the date of it's delivery. If the Defendants' interpretation of Palmer were correct, then there would have been no plausible reason for the First Circuit to distinguish those cases where the notice violated a substantiative provision of Regulation Z. Accordingly, Palmer must be limited to it's facts and is not dispositive.

Defendants rely on two post Palmer opinions emanating from the Massachusetts District Court to support their position, Carye v. Long Beach Mortg. Co., 470 F.Supp.2d 3 (D.Mass.2007) and Megitt v. Indymac Bank, 2008 WL1748211 ( D. Mass 2008) ( appeal pending). Both

decisions misapply the First Circuit's holding in Palmer . These cases were brought under the Massachusetts Consumer Credit Cost Disclosure Act (" MCCCDA"). The MCCCDA is a consumer protection statute modeled after and is virtually identical to the Federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"). In re Fidler, 226 B.R. 734 (Bankr. D. Mass. 1998); In re Tavares, 298 B.R. 195, 204 (Bankr. D. Mass. 2003); Farnsworth v. Reyes, 1999 Mass. Super. LEXIS 55, at * 11 (Mass. Super. Feb. 5, 1999); In re Desrosiers, 212 B.R. 716, 722 (Bankr. D. Mass. 1997). "Because of the Massachusetts exemption, the substantive requirements of state law are the requirements that creditors must follow. This includes any disclosure requirements." Belini v. Washington Mutual Bank FA, 412 F.3d 17, 25-26 (1st Cir. 2005). "The disclosure requirements of TILA and MCCCDA are essentially the same and generally do not require separate analysis." Rodrigues v. Members Mortgage Co., Inc., 323 F.Supp.2d 202, 210 (D. Mass. 2004) citing Bizier v. Globe Fin. Servs., Inc., 654 F.2d 1, 2 (1st Cir. 1981); Belini v. Washington Mutual Bank, FA, 412 F.3d 17, 27 (1st Cir. 2005).

For Massachusetts transactions, the TILA does not apply and Regulation Z is replaced by the Code of Massachusetts Regulations, 12 C.M.R. 32.23. Though theses regulations are virtually identical to Regulation Z, there is nevertheless a serious question regarding the applicability of the mandatory deference to be given to the Federal Reserve Board's interpretation of Regulation Z for Massachusetts transactions. Neither Cayre and or Megitt discuss this issue. This issue will ultimately be decided by the First Circuit in the Megitt appeal. In Rhode Island, there is no similar state TILA counterpart. Therefore, the TILA and Regulation Z and the federal case law interpreting the same apply to Plaintiff's transaction.

The District Court in Megitt relied heavily upon Carye in reaching the wrong conclusion.

In Cayre , the Notice of Right to Cancel had the same infirmities as alleged in this case. Both lines of the model form which clearly contemplated the inclusion of dates of the transaction and deadline to rescind were left blank. The Cayre Court described Palmer as having held that a Notice which failed to include a date certain for rescission was nevertheless clear and conspicuous because it contained an alternate provision for a three day rescission period after receipt of the Notice. In dismissing Plaintiff's complaint the Cayre opinion overlooked the avalanche of contrary [1] authority in upholding a Notice that failed to comply with the clear substantive mandates of Regulation Z and or the Massachusetts counterparts under the MCCCDA.

This sweeping misinterpretation of the scope of Palmer has not been universally accepted. In Johnson v. Chase Manhattan Bank, 2007 U.S. Dist. LEXIS 50569, at *1 (E.D.Pa. July 11, 2007) , with virtually identical facts to that of the Plaintiff herein, the Court throughly addressed the facts and holding in Palmer and concluded that the Debtor nevertheless had a viable claim for violation of Regulation Z, 226.23(b), as a result of the failure to include the precise deadline to rescind. In so holding, that Court stated:

"Chase urges this court to apply *Palmer's* reasoning to the present situation. As noted above, it argues that the notice to Darlene Johnson provided all the necessary material information for a reasonably alert person to determine when her right of rescission would expire, even with the blank in her notice. We disagree.

..............................................

A notice of the right of rescission must contain "[t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(v). The amended complaint alleges, and Chase does not deny, that Chase's notice to Darlene Johnson's did not contain this vital piece of information. Darlene Johnson has properly set forth a TILA violation, and the question presently before this court is whether that alleged violation can be excused, as Chase argues it should be. By contrast, the notice in *Palmer*

---

[1] See Part C *Supra.*

did contain the date of the rescission deadline and otherwise complied with each of the governing regulations. ***Palmer* did not address whether an alleged TILA violation could be excused. Instead, the issue there was whether the notice was defective because it was confusing even though there was compliance with the TILA.** The *Palmer* court itself expressly distinguished the situation it confronted from one in which the notice at issue stated no rescission date at all. 465 F.3d at 29." ( emphasis added).

The Johnson decision correctly interpreted the First Circuit's holding in Palmer and upholds Supreme Court directives regarding the deference that Court's must give to the interpretation of The Federal Reserve Board through Regulation Z. This Court should similarly so find and deny Defendants' motion to dismiss.

**E. Substantive Violations of Regulation Z No Matter How technical Are Actionable.**

Not surprisingly, the Defendants suggest that the violation alleged by the Plaintiff is simply hyper-technical and should be summarily excused by this Court. This is rather ironic. The Notice of Right to cancel prepared by WMC Mortgage Corporation, the original lender, is a carbon copy of the model form H-8 contained in the appendix of forms of Regulation Z. The model form, which the original lender chose to utilize, clearly contemplated that the lines for the date of transaction and deadline to rescind would be completed. This is not surprising. After all, Regulation Z requires "clear and conspicuous" disclosure. An uncompleted form does not meet this standard. In Barnes v. Fleet National Bank, 370 F.3d 164, 171 (1st Cir. 2004) the First Circuit discussed the hyper-technicality issue stating:

> We construe consumer statutes liberally in favor of consumers. *See Bizier v. Globe Fin. Servs., Inc.,* 654 F.2d 1, 2-3 (1st Cir.1981) (construing the Truth in Lending Act broadly to protect bank customers). When construing a similar civil suit provision of the Truth in Lending Act (TILA), 15 U.S.C. § 1640, we held that recovery was available even to a plaintiff who did not show actual damages. *See Bizier,* 654 F.2d at 2-3 ("[T]he act provides two distinct remedies for violation of 'any requirement' it imposes: any actual damages caused, and, whether or not any actual damages were suffered, a recovery of up

> to $1000 plus attorney's fees for any individual transaction."); *see also Smith v. Cash Store Mgmt.,* 195 F.3d 325, 328 (7th Cir.1999) ("Subject to narrow exceptions, 'hypertechnicality reigns' in the application of TILA."); *Purtle v. Eldridge Auto Sales, Inc.,* 91 F.3d 797, 801 (6th Cir.1996) (holding that TILA imposes strict liability); *Grant v. Imperial Motors,* 539 F.2d 506, 510 (5th Cir.1976) ("[O]nce the court finds a violation [of TILA], no matter how technical, it has no discretion with respect to the imposition of liability.").

The subsequent decision of Santos-Rodriguez v. Doral Mortgage Corp., 485 F.3d 12 (1st Cir. 2007) does not limit this holding. *Doral* does not state nor can be interpreted to mean that liability for substantive violations of the TILA and or Regulation Z, regardless of their technical and or hyper-technical nature, are now excused in this Circuit. *Dorval* simply addressed the manner in which substantive requirements of the TILA must be *disclosed.* In this Circuit, the disclosure of substantive TILA provisions are analyzed for compliance purposes using the "clear and conspicuous" standard, rather than from a "hyper-technical" vantage point. This approach is consistent with the requirements of Regulation Z and it's commentary. Therefore, a hyper-technical substantive disclosure requirement could be deemed to violate the TILA if it was not *disclosed* in a "clear and conspicuous" manner. The Defendants suggestion to the contrary is misguided.

**F. Conclusion**

The Plaintiff has stated a viable claim for relief. The Defendants motion to dismiss should be denied.

Respectfully submitted,

/s/Christopher M. Lefebvre
Claude Lefebvre Christopher Lefebvre PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO#4019
chris@lefebvrelaw.com

**CERTIFICATION**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 17, 2008

Dated: June 17, 2008

/s/Christopher M. Lefebvre