**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH C. MELFI<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse, WELLS FARGO BANK and DOES 1-5,<br><br>Defendants. | ) | Civil Action No. 08-024ML |

**OBJECTION MEMORANDUM TO REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

## INTRODUCTION

Defendants Wells Fargo Bank and Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanley ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse (hereinafter collectively referred to as "Defendants")[1] hereby object to the Report and Recommendation filed by Magistrate Judge Lincoln D. Almond on July 11, 2008 denying their Motion to Dismiss pursuant to Rule 12(b)(6). In his Report, Judge Almond holds that the Court cannot rule on the primary issue raised in the Defendants' Motion to Dismiss – namely whether the Notices of Right to Cancel attached to Plaintiff's Complaint satisfy the requirements of the

[1] Only Wells Fargo Bank and Deutsche Bank have moved to dismiss. Defendant WMC Mortgage Corporation has not moved to dismiss and is not included when referring to "Defendants" in this Objection.

Truth in Lending Act ("TILA") as a matter of law. Judge Almond so holds based on his assertion that such a ruling would constitute an advisory opinion.

Judge Almond provides two reasons why he believes any decision on the motion to dismiss would be an advisory opinion. First, he explains that Plaintiff has not alleged specific details regarding the terms of the loan transaction or the specific dates that the notices were received. Second, Judge Almond contends that the Court cannot rule whether the Notices attached to the Complaint (which are unsigned) satisfy TILA because Defendants alternatively argue in their motion that the Court can consider the Notices which were actually signed by Plaintiff.[2] Defendants respectfully submit that this Court should reconsider Judge Almond's ruling and render a decision on the merits of the motion deciding whether the unsigned Notices (by themselves) satisfy the requirements of TILA.

## ARGUMENT AND AUTHORITIES

If this Court determines whether the unsigned Notices attached to Plaintiff's Complaint satisfy the requirements of TILA, it would not be rendering an advisory opinion. The prohibition on federal courts from issuing advisory opinions stems from the "case or controversy" requirement of Article III of the United States Constitution. See Preiser v. Newkirk, 422 U.S. 395, 401 (U.S. 1975) ("federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them'"); Cotter v. City of Boston, 323 F.3d 160, 173 (1st Cir. Mass. 2003) ("Article III's cases and controversies language prohibits federal courts from issuing advisory opinions"). Indeed, the Supreme Court of the United States has stated that for a federal court

[2] In his ruling, Judge Almond concludes that the Court cannot consider the Notices signed by Plaintiff. While Defendants believe the applicable case law would allow consideration of the Notices signed by Plaintiff, Defendants do not raise that issue in this objection to avoid any confusion of issues. Should the case proceed, Defendants reserve their right to rely on the Notices actually signed by Plaintiff at closing.

to decide an issue, "its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Newkirk, at 401.

In this case, Defendants do not ask this Court to rule on any hypothetical facts or controversies. Instead, Defendants ask this Court to rule on a real controversy based on the facts as alleged in the Plaintiff's Complaint. Specifically, Plaintiff admits that he received, at the time of closing, the unsigned Notices attached to his Complaint as Exhibit I.[3] Compl. ¶¶ 6; 21-22. Defendants submit that First Circuit precedent require a finding that these Notices, by themselves satisfy TILA. See Palmer v. Champion Mortgage, 465 F.3d 24, 28 (1st Cir. 2006) (notice which did not include correct rescission date still satisfied TILA); see also Carye v. Long Beach Mortg. Co., 470 F. Supp. 2d 3 (D. Mass. 2007) (failure to include complete and accurate date information did not invalidate notices). If the Court agrees with Defendants and the foregoing case law, then Plaintiff has not stated a valid rescission claim and the case is over. If the Court rules that the unsigned Notices by themselves do not satisfy TILA, then the parties will pursue discovery to determine issues related to the other signed Notices.

## A. Other First Circuit District Courts Have Ruled On The Same Issue In Nearly Identical Situations.

Other district courts in this Circuit have ruled on the same issue presented in this case without questioning whether such a ruling would constitute an advisory opinion. In Carye v. Long Beach Mortg. Co., 470 F. Supp. 2d. 3, 9 (D. Mass. 2007), a case cited by Defendants in their Motion to Dismiss, the defendant moved to dismiss Plaintiff's TILA rescission claim

[3] At the Rule 12(b)(6) stage, the Court must accept a plaintiff's well-pleaded allegations as true. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (holding plaintiff must allege "enough factual matter (taken as true)" to support each of his claims); Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992) (holding court must take as true "the well-pleaded facts as they appear in the complaint").

based on alleged incomplete notices of right to cancel. Like the Defendants in this case, the defendants in Carye attached signed notices of right to cancel to their motion to dismiss. See Exhibit A, Memorandum in Support of Long Beach's Motion to Dismiss, Page 11. There, at the motion to dismiss stage, Judge William G. Young, relying on the binding First Circuit precedence in Palmer v. Champion Mortgage, 465 F.3d 24, 28 (1st Cir. 2006) ruled that the notices in question complied with TILA because an average person would have been aware of the expiration of the rescission period.

Similarly, in Megitt v. Indymac Bank, 2008 U.S. Dist. LEXIS 30475 (D. Mass. 2008), the plaintiffs brought a rescission claim alleging that defendants provided incomplete notices of right to cancel and attached two notices of right to cancel to their complaint. See Megitt Complaint, attached hereto as Exhibit B.[4] In Megitt, the defendant moved to dismiss, and the Court dismissed the rescission claim by adopting the recommendation of the magistrate judge attached hereto as Exhibit C. In its recommendation, the Court noted that it accepted the "Plaintiff's well-pleaded facts as true" and as such analyzed the sufficiency of the notices attached to the complaint. This is precisely the same ruling sought by the Defendants in this case.

**B. The Presence Of Alternative Arguments Does Not Render The Requested Ruling Advisory.**

While Defendants concede that they asked the Court, as part of their Motion to Dismiss, to consider the signed Notices which were not attached to Plaintiff's Complaint, Defendants also asked the Court to consider whether the unsigned notices attached to the Complaint, by themselves satisfied TILA. Specifically, on page three of their memorandum

[4] The Plaintiff in Megitt was represented by Christopher M. Lefebvre who is the same attorney representing Plaintiff Melfi in this case. This is of some importance because the Complaint along with the method of attaching the incomplete notices are very similar to this case.

supporting the motion to dismiss, defendants assert the basis for removal "even if the Court chooses not to consider the fully executed notices." In that argument, Defendant ask the Court to decide if the unsigned Notices attached to the Complaint satisfy TILA without regard to the possibility of other signed Notices. As a result, Defendants are asking the Court to issue a ruling based solely on the allegations of the Complaint, and this is proper despite the presence of other alternative arguments.

**C. Plaintiff Should Not Benefit From The Lack of Specificity In Its Pleadings.**

The Report and Recommendation notes the lack of factual specificity in the Complaint as a basis for its refusal to rule on the validity of the Notices under TILA. The Court concludes that Plaintiff has not alleged specifics with respect to the loan including the terms of the loan or the specific date disclosures were received. As Plaintiff alleged that the Notices attached to the Complaint were actually delivered at closing, Defendants do not believe the other facts identified by the Court are necessary to determine whether the Notices satisfy TILA. However, if the Court believes that necessary specific factual information is missing from the Complaint, then the proper remedy is to dismiss the Complaint with leave to re-plead to include the specific facts which have been omitted. Otherwise, Plaintiff would benefit from his failure to include specific facts which the Court deems critical to the assertion of a claim under TILA.

**CONCLUSION**

In conclusion, Defendants respectfully request this Court to reject the portion of the Report and Recommendation which holds that a determination of whether the unsigned Notices satisfy TILA would be an advisory opinion. Further, based on the arguments in their Motion to Dismiss and supporting memorandum, Defendant ask this Court to dismiss Plaintiff's

Complaint as the unsigned Notices he admittedly received fully satisfy the requirements of TILA.

Respectfully Submitted,

Wells Fargo Bank, N.A., and
Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanly ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse,

By Their Attorneys,

/s/ John J. Flanagan
John J. Flanagan (RI Bar #3099)
Airport Professional Park
2348 Post Road
Warwick, RI 02886

And,

Jeffrey Patterson (BBO # 671383)
David E. Fialkow (BBO # 666192)
Nelson Mullins Riley & Scarborough LLP
66 Long Wharf
Boston, MA 02110
(617) 573-4700

**CERTIFICATE OF SERVICE**

I, John J. Flanagan, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: July 25, 2008

/s/ John J. Flanagan