# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS( SPRINGFIELD)

KRISTI L. MEGITT )
Plaintiff, )
v. )
INDYMAC BANK, F.S.B. ) 07 - 30108 - KPN
Defendant. )

FILING FEE PAID:
RECEIPT # 306584
AMOUNT $ 350.00
BY DPTY CLK MGK
DATE 6/14/07

COMPLAINT -- CLASS ACTION

MATTERS COMMON TO MULTIPLE COUNTS

INTRODUCTION

1. This action seeks redress against a predatory subprime mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA")and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. and it's Massachusetts counterpart, Massachusetts Consumer Credit Cost Disclosure Act ("MCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 and 1337.

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. §1391©).

## PARTIES

4. Plaintiff Kristi Lynn Megitt resides at [redacted] She owns the property jointly with her husband, Reginald Megitt.

5. On or about June 16, 2006 Plaintiff Megitt and her husband obtained a loan from IndyMac Bank F.S.B. ( hereinafter "IndyMac") secured by the residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. Defendant, IndyMac maintains its principal offices in Pasadena California. It boosts on it's website that it is the 7th largest Savings and Loan and the 2nd largest independent mortgage lender in the nation.

7. IndyMac does business in Massachusetts.

8. IndyMac entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence.

9. IndyMac is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z and or the MCCDA.

## FACTS

10. At the closing of the above referenced refinance transaction between IndyMac, Plaintiff received three copies of a Notice of Right To Cancel a copy of which is attached as Exhibit 1.

11. The Notice of Right To Cancel received by the Plaintiff is a standard form regularly used by the Defendant.

12. Because the transaction was secured by plaintiff's home, and was not entered into for

purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 and the Massachusetts counterparts under the MCCDA. Section 226.23 provides:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

13. 15 U.S.C. §1639(j) provides:

> Consequence of failure to comply
>
> Any mortgage that contains a provision prohibited by this section shall be deemed a failure to deliver the material disclosures required under this title, for the purpose of section 1635 of this title.

14. The transaction of plaintiff and each of the members of the class described herein violated 15 U.S.C. §1635 and 12 C.F.R. § 226.23/ Mass. G.L. ch. 140D, §§1-34, and 209 C.M.R. part 32. The Notice of Right To Cancel received by the Plaintiff and the putative class is defective as it does not contain the deadline in which the rescission period expires in violation of the TILA and Regulation Z and/or the MCCDA.

15. 15 U.S.C. §1635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

## COUNT I -- INDIVIDUAL CLAIM FOR RESCISSION

16. Plaintiff Megitt incorporates paragraphs 1-15.

17. This claim is against IndyMac.

18. IndyMac failed to provide Plaintiff a notice of Right to Cancel which complies with the TILA and Regulation Z and/ or the MCCDA. Accordingly the Plaintiff is entitled to exercise an extended right to rescind the transaction.

19. Plaintiff has exercised her right to rescind. A demand for rescission was sent to the Defendant on June 11, 2007. A copy of the letter is attached herein as Exhibit 2.

WHEREFORE, Plaintiff Megitt requests that the Court enter judgment in favor of Plaintiff and against Defendant, IndyMac for:

(a) Rescission of the mortgage transaction;

(b) Attorney's fees, litigation expenses and costs.

(c) Such other or further relief as the Court deems appropriate.

## COUNT II -- CLASS CLAIM FOR STATUTORY DAMAGES

20. Plaintiff incorporates paragraphs 1-15.

21. This claim is against IndyMac.

22. 15 U.S.C. §1635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

23. Plaintiff and each member of the class are entitled to statutory damages as provided in 15 U.S.C. §1640 and/or the Massachusetts counterpart under the MCCDA.

## CLASS ALLEGATIONS

24. This action is brought on behalf of a class. The class is tentatively defined as all natural persons who satisfy the following criteria:

a. They obtained a residential mortgage loan from Indymac through a refinacing secured by their principle residence located in Massachusetts;

b. Their transaction was subject to the MCCDA and/or the TILA;

c. Their mortgage is dated on or after a date 4 years prior to the filing of this action.

25. The class is so numerous that joinder of all members is impractical.

26. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the class members' TILA / MCCDA disclosures were defective, as alleged above.

27. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the TILA. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. Certification of the class under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

c. Congress specifically provided for class actions as the principal means of enforcing TILA.

d. Most of the class members do not know about the violation.

e. Persons that find it necessary to obtain mortgage loans from defendant are unlikely to be able to pay counsel for representation on an individual basis.

f. Individual actions are not in any event economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against IndyMac for:

(a) Statutory damages;

(b) Attorney's fees, litigation expenses and costs.

(c) Such other or further relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO No. 629056
Lefeblaw@aol.com

JURY DEMAND

Plaintiff demands trial by jury.

Christopher M. Lefebvre

# EXHIBIT 1

LENDER: IndyMac Bank, F.S.B., a federally chartered savings bank
BORROWER: Kristi Lynn Megitt and Reginald R. Megitt
PROPERTY: [redacted]
LOAN NO./MIN: [redacted]

# NOTICE OF RIGHT TO CANCEL

**Your Right to Cancel.** You are entering into a transaction that will result in a mortgage, lien or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last:

(1) the date of the transaction, which is; June 16, 2006 ; or
(2) the date you received your Truth in Lending disclosures; or
(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also canceled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on/in your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within twenty (20) calendar days of your offer, you may keep it without further obligation.

**How To Cancel.** If you decide to cancel this transaction, you may do so by notifying us in writing, at:

IndyMac Bank, F.S.B., a federally chartered savings bank
1 Banting ATTN: B2C Internal Controls
Irvine, CA 92618

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one (1) copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of, ____________, (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I Wish To Cancel.**

______________________________ (Consumer) Date: ____________

**Receipt of Notice.** I hereby acknowledge that the transaction identified on the face of this Notice was consummated and that I have received one (1) copy of the Federal Truth in Lending Disclosure and two (2) copies of this Notice.

**Do not sign unless the dates in the boxes are completed.**

Kristi Lynn Megitt (Consumer) Date: ____________

# EXHIBIT 2

FROM THE OFFICE OF THE
[illegible] AND CONSUMER LAW CENTER
[illegible]
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
[illegible]

June 11, 2007

IndyMac Bank, F.S.B.
Attn: B2C Internal Controls
1 Banting
Irvine CA [illegible]

**Re: Notice of Rescission by Kristi L. Megitt of [redacted]**

To Whom It May Concern

I represent Kristi L. Megitt concerning the mortgage loan transaction she and her husband entered into with IndyMac on June 16, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226 and, it's Massachusetts counterpart, Massachusetts Consumer Credit Cost Disclosure Act, Mass G.L. ch. 140D and 209 C.M.R. part 32.

The primary basis for the rescission is that Mrs. Megitt was given incomplete and therefore, defective material disclosures with respect to her right to rescind the above consumer transaction pursuant to 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226 and, its Massachusetts counterpart.

The security interest held by IndyMac on the Megitt's property located at 59 Burnside Terrace, Springfield, MA is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Kristi L. Megitt ,**
**By her Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

cc: Kristi L. Megitt