**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH C. MELFI** **Plaintiff,** | : | |
| **VS.** | : | **C.A. 08-024ML** |
| **WMC MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse, WELLS FARGO BANK and DOES 1-5** | : | |
| **Defendants** | : | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS COMPLAINT**

For purposes of the pending Motion to Dismiss, the Court must assume the following brief statements of facts as outlined in the Amended Complaint[1]:

1. Plaintiff Joseph C. Melfi resides in East Providence, RI 02915;

2. On April 7, 2006 Plaintiff obtained a loan from WMC Mortgage Corporation , secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for

[1] In accordance with the August 22, 2008 telephonic conference with the parties, the Plaintiff has clarified that the Notice of Right to Cancel forms were actually received on April 7, 2006, the date of the refinance transaction and the date all other material disclosures were provided.

personal, family or household purposes;

3. In connection with the transaction, on April 7, 2006 Plaintiff signed a note in the principal amount of $190,000, secured by a mortgage on his residence; signed a truth in lending disclosure statement; and on April 7, 2006 received copies of his Notice of Right to Cancel in the form of Exhibit 1 attached to the Amended Complaint.

4. On or about December 19, 2007 and February 6, 2008, respectively, Plaintiff exercised his extended right to rescind the loan against WMC and the assignee under 15 U.S.C. §1641(c) for violations of the TILA.

**A. Fundamental Basic TILA Principles Support Plaintiff's Position**

As in virtually all consumer protection cases, a court must undertake a two step analysis in order to determine whether a particular notice complies with the law. First, a court must review the substantive requirements of the law and thereafter determine the manner in which any particular disclosure must be conveyed to the consumer. The Defendants arguments focus exclusively on the later component of this analysis while overlooking the crucial first step. 15 U.S.C. § 1635(a) of the TILA provides for a rescission remedy when an obligor does not receive material disclosures as defined under 15 U.S.C. § 1602(u) and the rescission forms referenced therein. The TILA instructs that these rescission rights must be "clearly and conspicuously" disclosed by the creditor. 15 U.S.C. § 1635(a) However the TILA is absolutely silent regarding any requirements concerning the content of the rescission notices. As the Defendant concedes, "The specific information to be disclosed is set forth in regulations commonly referred to as Regulation Z.[2] There is absolutely no dispute that 12 C.F.R. § 226.23 ( Regulation Z) requires that the Notice of Right to Cancel clearly and

[2] Defendant's Memorandum of Law in Support of it's Motion to Dismiss page 5.

conspicuously disclose certain information, including but limited to The date the rescission period expires. As previously addressed[3] ( and totally ignored by the Defendants in any of it's pleadings), the Supreme Court has instructed that courts give the interpretations contained in Regulation Z an extreme amount of deference. The United States Supreme Court summarized it best: ".......judges ought to refrain from substituting their own interstitial lawmaking for that of the Federal Reserve, so long as the latter's lawmaking is not irrational." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555,100 S.Ct. 790 (1980). Simply put, this Court can not ignore Regulation Z's requirements unless it finds the precise requirement ( in this case the requirement that the notice contain a date the rescission period expires) is *demonstrably irrational.* The Circuit Court authority implementing this directive is consistent.[4]

**B. Is Regulation Z's Requirement That A Notice of Right To Cancel Include a Date The Rescission Period Expires Irrational?**

No Court has held or even remotely suggested that this requirement is irrational. In fact the overwhelming majority of cases have implicitly rejected this argument and concluded that the failure to include the rescission deadline date violates Regulation Z giving rise to the extended right to rescind the transaction. The Defendants can't possibly argue, without violating Rule 11, that said requirement is irrational. Borrowers should not be forced to guess at what TILA disclosures mean or assume what effect a disclosure's terms have on their rights. See Mourning v. Family Publications Service, Inc., 411 U.S. 356, 377, 93 S.Ct. 1652, 1664-65 (1973). Accord, Wright v. Tower Loan of Mississippi, Inc., 679 F.2d 436, 445 (5th Cir. 1982) ("TILA neither requires nor

[3] Part B of Plaintiff's initial Memorandum In Opposition to the Motion to Dismiss.

[4] Part B of Plaintiff's initial Memorandum In Opposition to the Motion to Dismiss.

encourages borrowers to guess or to assume" what disclosures mean); Pollock v. General Finance Corp., 535 F.2d 295, 299 (5th Cir. 1976)(consumer was not required to perform even a "simple arithmetic procedure");Pennino v. Morris Kirschman & Co., 526 F.2d 367, 372 (5th Cir. 1976)(Congress in enacting TILA intended "to eliminate the necessity of assumptions on the part of the consumer"). If the Notice is subject to two (2) or more sensible readings, and different rights and results ensue depending upon which of the two (2) readings is adopted, the creditor has not provided the consumer with "clear notice of what [the] right to rescind entail [s].'" Apgar v. Homeside Lending, Inc., 291B.R. 665, 672 (Bank. E.D. Pa. 2003) *citing* Porter v. Mid-Penn Consumer Discount Co., 961 F.2d 1066, 1077 (3d Cir. 1992).

Without providing a clear deadline for rescission, creditors place the burden of calculating the appropriate deadline on the borrower and contravene the purpose of Regulation Z. See Williamson v. W.E. Lafferty, 698 F.2d 767, 769 n.3 (5th Cir. 1983) ( "[T]he precise purpose of requiring the creditor to fill in the date is to prevent the customer from having to calculate three business days[.]"). An ordinary borrower looking at the Notices provided to Plaintiffs may be able to deduce that his rescission deadline falls three business days from events listed on the Notices, but the question of how to calculate those business days remains. An ordinary consumer, however, is not readily versed in the definition of a "business day" as defined under Regulation Z, 12 C.F.R. 226.2(6), and it would be unlikely that anyone unfamiliar with TILA's unique formula would guess the correct method and accurately calculate their rescission deadline. See Aubin v. Residential Funding Co., 2008 U.S. Dist. LEXIS 53242 *13 (D. Conn. July 11, 2008) (Indeed, it would likely surprise the average person (it certainly surprised this judge) to learn that 'Saturday' is included within TILA's definition of a 'business day.'"). Plaintiff, who, like many borrowers, was not

represented by an attorney at his closings, was put in a position to guess which of several possible methods he should employ to calculate his proper rescission deadline.

The closing in the present matter took place on a Friday. An ordinary borrower may reasonably assume that "business day" carries the common meaning of Monday through Friday, excluding holidays. See Wikipedia, http://en.wikipedia.org/wiki/Business_day ("In the Western world, Saturdays and Sundays are not counted as business/working days."). Employing that method, however, would result in excluding the following Saturday and Sunday and beginning the "business day" count with the following Monday. Such a method would result in the borrower incorrectly believing his rescission deadline to be midnight of the Wednesday following the Friday closing.

If a borrower were to employ the Federal Rules of Civil Procedure method of counting, he would also incorrectly calculate his rescission deadline. Federal Rule of Civil Procedure 6 provides

> (a) Computing Time.
> The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
>
> > (1) Day of the Event Excluded.
> > Exclude the day of the act, event, or default that begins the period.
> > (2) Exclusions from Brief Periods.
> > Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
> > (3) Last Day.
> > Include the last day of the period unless it is a Saturday, Sunday, legal holiday... When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Again, if the closing took place on a Friday, a borrower using the Federal Rules would exclude Saturday and Sunday because the period is less than eleven days and begin the "business day" count on the following Monday. A borrower using this method would also incorrectly calculate his rescission deadline to be midnight of the Wednesday following the Friday closing.

Only by employing TILA's particular method of determining "business days" would a borrower correctly calculate his rescission deadline. Pursuant to 12 C.F.R. 226.2(6)

> "*Business day"* means a day on which the creditor's offices are open to the public for carrying on substantially all of its business functions. However, for purposes of rescission under §§ 226.15 and 226.23, and for purposes of § 226.31, the term means all calendar days except Sundays and the legal public holidays specified in 5 U.S.C. 6103(a), such as New Year's Day, the Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

Thus, because Plaintiff's closings took place on a non-holiday Friday, Plaintiff's three-day rescission deadline should have been calculated by including the following Saturday (regardless of whether or not the creditor was actually open for business), excluding Sunday, and including Monday and Tuesday. Plaintiff's rescission deadline, therefore, was midnight of the Tuesday following their Friday closing.

Clearly, more than one reasonable interpretation of Plaintiff's Notice is possible despite the inclusion of the boilerplate language. Nothing in the rescission Notice indicates to Plaintiff what method is to be used to figure the rescission deadline, and the Notice cannot be considered consistent with either the letter or the purpose of Regulation Z. The precise deadline for rescission is arguably one of the most important pieces of information contained in a Notice of Right To Cancel, and as these examples demonstrate, its omission is more than a mere technicality. This requirement of Regulation Z is clearly rational and must be enforced by this Court.

### C. Ignoring Regulation Z Not Only Violates Supreme Court Mandates But Results in Total Unpredictability For Both Borrowers and Lenders

The Defendants avoid the Regulation Z deference issue and the Supreme Court's interpretation of the same. This is not surprising. They have no counter argument. After all, the

Supreme Court and every Circuit Court addressing the issue are crystal clear and unanimous regarding the mandatory deference that must be afforded to the requirements and interpretations of Regulation Z and it's accompanying commentary. Defendant's rely on Megitt v. Indymac Bank, 2008 WL1748211 ( D. Mass 2008) ( appeal pending) and Carye v. Long Beach Mortg. Co., 470 F.Supp.2d 3 (D.Mass.2007) to support their position. Cayre, and Megitt were wrongly decided. Their misapplication of the law is further exacerbated by the 345degree turn around of the Megitt Court in it's recent opinion in Bonney v. Washington Mutual Bank, CA No. 08-30087 ( D. Mass., Springfield July 30, 2008). The Bonney Court surprisingly disavowed the Cayre holding, which it previously cited to favorably in Megitt, and concluded that a Notice of Right to Cancel virtually identical to the one provided to the Plaintiff herein failed to clearly and conspicuously disclose the expiration of the rescission period in violation of the TILA. Though the result was clearly welcomed by the undersigned, the Court's analysis is nevertheless fundamentally flawed and contributes to the total state of confusion ( chaos) on the issue in the District of Massachusetts.

Each of the 3 above referenced cases has one common pervasive flaw in it's legal analysis, which leads to the misinterpretation of the TILA and or the MCCCDA[5]. Despite the extensive briefing on the issue, these District Courts failed to discuss or even mention the mandatory deference that must be afforded to the interpretations of Regulation Z. Had these Courts followed Supreme

---

[5] There is simply no explanation why these Court's overlooked the deference issue. It would appear that the same deference ( or substantially similar *See* In re Washington Mutual Overdraft Protection Litigation, 539 F.Supp 2d. 1136 (C.D. California 2008) ) given to Regulation Z and it's commentary applies to the MCCCDA and it's regulations as they are virtually identical in all regards. Consistent therein, the Massachusetts Supreme Judicial Court has stated "Our analysis requires substantial deference to the expertise and statutory interpretation of [the] agency charged with primary responsibility for administering a statute." . Goldberg v. Board of Health of Grandby, 444 Mass. 627, 633; 830 N.E.2d 207, (2005).

Court instruction, the results in each case would have been identical, the notice of right to cancel would be deemed non compliant with Regulation Z / TILA and or the MCCCDA. This Court should not create "interstitial law" but simply enforce the demonstrably rational regulation.

The above referenced cases are text book examples of the consequences when courts ignore the express language of Regulation Z. The implications of these decisions can not be over emphasized. If this Court can overlook Regulation Z's requirement that the Notice contain a precise deadline regarding rescission expiration, then so too could a court add requirements that perhaps contain more consumer disclosures not presently contained in Regulation Z.

For example, Regulation Z 12 C.F.R. § 226.23(b)(1) provides that " a creditor shall deliver two copies of the notice of right to rescind to each consumer entitled to rescind." This requirement that two copies of the Notice be provided is not contained in the TILA but only in Regulation Z. Nevertheless, courts have routinely given deference to this requirement in concluding that the failure to provide two copies of the notice of right to cancel in accordance with Regulation Z gives rise to a rescission claim. *See* Smith v.Argent Mortg. Co. LLC, 2007 WL 2484276 ( D. Colo. 2007) ( motion for summary judgment denied where consumer alleged that he did not receive appropriate copies of notice in accordance with Regulation Z.), In re Fox, 2008 WL 2937559 ( Bkrtcy. D. Ohio 2008) (same).

If confronted with the same legal issue as in Smith and Fox, could this Court simply overlook the regulation and conclude that only one copy of the Notice of Right to Cancel needed to be provided? Or better yet, could the Court decide that it might be easier for a consumer to elect a rescission remedy if more copies of the Notice were provided and thereafter require that each obligor receive 3 copies of the Notice of Right to Cancel ? If the later were true, you can be assured that

the Defendants would be the first to argue " *the Court has no discretion to add additional disclosure requirements not expressly contained in Regulation Z and must give deference to the regulation as written.*"

**D. Palmer Is Not Dispositive**

Not surprisingly Defendants spend 90% of their brief focusing on the First Circuit's decision in Palmer v. Champion Mortgage, 465 F.3d 24, 28 (1st Cir. 2006). According to the Defendants, Palmer would countenance a Notice of Right to Cancel which contained no deadline to rescind or even a wrong ( inaccurate ) deadline to rescind. Palmer makes no such holding or suggestion and in fact recognizes that these other type of "infirmities" are distinguishable. It's important to dispel some of the myths about what was before the First Circuit in Palmer. Palmer dealt with a Notice that was correctly completed. [6] It contained an accurate date of transaction and precise accurate deadline to rescind. However, the consumer did not receive the notice at closing but rather via the mails sometime thereafter. Mrs. Palmer alleged that the Notice was misleading and confusing because it contained a precise deadline to rescind which had already passed by the time she received it in the mail. The First Circuit rejected this argument and simply held that the Notice was not confusing because the "alternative" deadline contained in the parenthesis ( or midnight of the third business day following the latest of the three(3)events listed above) clearly and conspicuously disclosed the rescission rights to the Plaintiff.

In Palmer, the First Circuit did not have to address compliance with a precise requirement

---

[6] Defendants statement " Thus, the First Circuit affirmed the district court and held the notice was clear and conspicuous despite failing to include an accurate date of the expiration of the rescission period. " is not supported by the Court's opinion. Defendant's Memorandum in Support of Motion to Dismiss page 8. Palmer never mentions or acknowledges that the deadline was wrong and in fact appears to assume the contrary.

of Regulation Z because the Notice of Right to Cancel on it's face complied with the statute. More importantly there is no precise provision in Regulation Z dealing with completion of dates and deadlines when Notices are mailed to a consumer after closing. ***Palmer* did not address whether an alleged TILA violation could be excused. Instead, the issue there was whether the notice was defective because it was confusing even though there was compliance with the TILA.** Johnson v. Chase Manhattan Bank, 2007 U.S. Dist. LEXIS 50569, at *1 (E.D.Pa. July 11, 2007). This critical distinction was overlooked in Megitt, Cayre and or Bonney. Therefore, Palmer should be limited to it's facts and is not dispositive to the issue pending before the Court.[7]

Finally the recent opinion of Aubin v. Residential Co., 2008 WL 2736037 ( D. Conn. July 11, 2008) also correctly distinguishes Palmer. In Aubin the Notice of Right to Cancel contained the wrong date of transaction and a wrong deadline to rescind. The Aubin factual scenario is exactly the type of case that Palmer attempted to distinguish. Similar to Johnson, the Aubin Court recognized that Palmer was addressing a different factual scenario.

Respectfully submitted,

/s/Christopher M. Lefebvre
Claude Lefebvre Christopher Lefebvre PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar #4019
chris@lefebvrelaw.com

---

[7] *Contra* McMillian v.AMC Mortg. Services Inc. 560 F. Supp. 2nd 1210 (S.D. Ala 2008). This is the first and only Court in the country applying Palmer and concluding that a notice of right to cancel which contains no date of the transaction and no deadline to rescind nevertheless complies with the TILA. The opinion is clearly an aberrant viewpoint.

**CERTIFICATION**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 11, 2008

/s/Christopher M. Lefebvre