**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH C. MELFI<br><br>Plaintiff,<br>v.<br><br>WMC MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse, WELLS FARGO BANK and DOES 1-5,<br><br>Defendants. | ) | Civil Action No. 08-024ML |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

On August 22, 2008, Magistrate Judge Almond held a telephone conference in an attempt to narrow, and resolve any confusion regarding, the issues, and facts upon which, the Defendants' Motion to Dismiss should be decided. The parties were in agreement regarding the issue, the facts, and the implications of the Court's ruling. At the conclusion of the conference, Magistrate Judge Almond requested that the parties submit supplemental memoranda *of no more than 5 pages* clearly setting forth the factual basis and the issue that the parties would like the Court to decide. Magistrate Almond also requested that the parties include in their supplemental briefs any *new* case law on the issue decided after the filing of the parties' initial briefs. Magistrate Almond specifically requested that the parties *not* restate the arguments made in their previous filings.

Notwithstanding the Courts instructions, Plaintiff filed a *10-page* supplemental brief on September 11, 2008 ignoring this Court's directives. First, Plaintiff's submission considerably exceeded the Court's page limitations. Second, Plaintiff substantively re-stated and then expanded upon the same legal arguments set forth in its initial Opposition filed on June 17, 2008. This included an abundance of case law, which was not limited to new cases. Plaintiff's defiant tactics leaves the Defendants in a conundrum. Defendants can either obey the Court's instructions and run the risk of being prejudiced by not addressing Plaintiff's redeveloped arguments or it can address each of the Plaintiff's arguments and run the risk of disobeying the Court. Defendants have decided to obey the Court's and have limited their brief accordingly. To avoid any undue prejudice, however, the Defendants request that this Court disregard the arguments made in Plaintiff's Supplemental Brief. Alternatively, Defendants request that this Court permit Defendants to file an additional brief, or to hold a hearing, so that the Defendants may address all the Plaintiffs arguments.[1]

In compliance with this Court's instruction, Defendants Wells Fargo Bank and Deutsche Bank National Trust Company, N.A., as Trustee, hereby submit their supplemental memorandum.

The single issue that the parties would like this Court to rule on is whether the notices of right to cancel attached to the Plaintiff's Complaint satisfy the Truth in Lending Act ("TILA")[2]. For the reasons more fully set forth in Part II of their prior memorandum, Defendants argue that the notices, despite the fact that they omit certain dates, comply with TILA under First Circuit

[1] Among the issues Defendants feel compelled to address, but do not address, is the Plaintiff's mischaracterization of Palmer v. Champion Mortg. 465 F.3rd 24 (1st Cir. 2006) and its progeny.

[2] During the telephone conference, the Court questioned whether it could rule on the motion because it could not determine when the notices were delivered to the Plaintiffs. The Plaintiffs have confirmed, and the parties agree, that for the purposes of this motion, and consistent with the Amended Complaint, that the Plaintiff's received the notices of right to cancel on the date of the loan transaction, April 7, 2006.

case law. If Defendants are correct, then Plaintiffs' claims fail as a matter of law, and the Amended Complaint should be dismissed. If, however, this Court rules that the notices attached to the Plaintiff's Complaint do not comply with TILA, then the Court should deny the motion and allow the parties to begin discovery to determine which notices of right to cancel the Plaintiff actually signed and/or received.

**Subsequently Decided Case Law**

Defendants would like to draw this Court's attention to McMillian v. AMC Mortgage Services, Inc., 560 F. Supp. 2d. 1210 (S.D. Ala. June 10, 2008), which presents a nearly identical factual scenario, and was decided based on the First Circuit's holding in Palmer v. Champion Mortg. 465 F.3rd 24 (1st Cir. 2006). In McMillian, the plaintiffs assert that they received notices of right to cancel that omitted the date of the transaction and the date that the cancellation period expired. Similar to the Plaintiff in this case, the McMillian plaintiffs argued that the incomplete notices did not comply with TILA. The Court disagreed and found, based on the reasoning in Palmer, that the lender provided the borrowers with "multiple documents clearly and unambiguously stating that they had 'a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from' the latest of the date of closing, the date of the TILA disclosures, or the date of the notice of right to cancel." The Court, again referring to Palmer, noted that despite the fact that the actual date of the transaction and cancellation period expiration were omitted, "no reasonably attentive consumer reading the Notice could have failed to appreciate the existence and running of the three-day rescission period." The only difference between the notices at issue in McMillian and the notices at issue in this case is that the notices in this case actually disclosed the date of the transaction in the upper right hand

corner of the form. It follows then that no reasonable consumer could have read the notices at issue in this case and concluded that the three day rescission period has not run and expired.

Lastly, after the initial motion papers were filed, Plaintiff's counsel sent a letter to Judge Lisi requesting consideration of the Report and Recommendation of Magistrate Judge Nieman in Bonney v. Washington Mutual Bank, CA (D. Mass. (Springfield), No. 08-30087). However, this Court should be aware that Washington Mutual has filed an objection to the Report and Recommendation and that Judge Ponsor has not, as of the date of the memorandum, adopted or rejected the Report and Recommendation. Moreover, the facts of Bonney are distinguishable from the facts in this case because the notices at issue in that case completely omit the date of the transaction from the notice. In this case, the date of the transaction actually appears in the upper right hand corner of the form. Thus, the twice repeated explanation of the expiration period would be readily apparent to any hypothetical average consumer reading the form.

Based on the foregoing, and for the reasons more fully set forth in the Defendants' Memorandum in Support of their Motion to Dismiss, this Court should grant the Defendants" Motion to Dismiss.

Respectfully Submitted,

Wells Fargo Bank, N.A., and Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanly ABS Capital I, Inc., Asset Backed Pass Through Certificates Series 2006-WMC2 Under the Pooling and Servicing Agreement Without Recourse,

By Their Attorneys,

/s/ John J. Flanagan

John J. Flanagan (RI Bar #3099)
Airport Professional Park
2348 Post Road
Warwick, RI 02886

And,

Jeffrey Patterson (BBO # 671383)
David E. Fialkow (BBO # 666192)
Nelson Mullins Riley & Scarborough LLP
66 Long Wharf
Boston, MA 02110
(617) 573-4700

**CERTIFICATE OF SERVICE**

I, John J. Flanagan, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: September 12, 2008

/s/ John J. Flanagan