UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH C. MELFI,
    Plaintiff

v.                                                          C.A. No. 08-024ML

WMC MORTGAGE CORPORATION,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, N.A., as Trustee of
MORGAN STANLEY ABS CAPITAL I
INC., Asset Backed Pass Through
Certificates Series 2006-WMC2 Under
The Pooling and Servicing Agreement
Without Recourse, WELLS FARGO
BANK and DOES 1-5,
    Defendants

## **MEMORANDUM AND ORDER**

This matter is before the Court on the objection filed by Joseph C. Melfi ("Melfi"), the Plaintiff, to a Report and Recommendation issued by Magistrate Judge Almond on November 19, 2008. Magistrate Judge Almond recommends that the Defendants' Motion to Dismiss be granted and that the Plaintiff's complaint be dismissed in its entirety.[1] This Court has reviewed the Report and Recommendation and the Plaintiff's memorandum in support of his objection. Finding no merit in Melfi's contentions, this Court adopts the Report and Recommendation. The Defendants' motion to dismiss the complaint is GRANTED, and the complaint is DISMISSED.

---

[1] Pursuant to an Order of this Court, the Defendants' Motion to Dismiss has been treated as one for summary judgment under Fed. R. Civ. P. 56, because the record includes facts beyond those alleged in the complaint. Melfi v. WMC Mortgage Corp., C.A. 08-024 (Aug. 20, 2008).

1

## I. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court must consider *de novo* any part of the magistrate judge's recommended disposition to which a proper objection has been made. A motion to dismiss a complaint is a dispositive motion; therefore, this court reviews *de novo* the issues under objection. Fed. R. Civ. P. 72(b).

## II. Background

The basis of this claim arose when Defendant WMC Mortgage Corporation ("WMC") issued Melfi a loan, secured by his home. The closing took place on April 7, 2006, when Melfi signed a note for $190,000 as well as a Truth in Lending disclosure statement. On December 19, 2007 and February 6, 2008, Melfi unsuccessfully attempted to exercise his right to rescind.

At issue is the sufficiency of the Notice of Right to Cancel ("Notice") received upon closing, which Melfi contends was inadequate because it failed to specify the date of the transaction or the date of the expiration of the rescission period on blank lines provided within the form.[2] Defendants assert that they provided Melfi with a legally sufficient Notice. This Notice is required by the Truth in Lending Act ("TILA"), and it must "clearly and conspicuously" notify the borrower of the right to rescind the loan as well as the method to do so. 15 U.S.C. § 1635(a). If the Notice was insufficient, the rescission period extends to three years, rather than the requisite three days. 12 C.F.R. § 226.23(a)(3).

---

[2] The Report and Recommendation contains more detailed facts.

### III. Objection One

Melfi first contends that Magistrate Judge Almond ignored the mandates of Regulation Z, which provides detailed requirements for all credit transactions which involve a security interest in a consumer's principal dwelling. See 12 C.F.R. § 226.1 *et seq*. Melfi argues that the Defendants violated the Regulation's requirement that a creditor disclose the expiration date of the rescission period, and that Magistrate Judge Almond failed to defer to the Federal Reserve Board's interpretation of the Truth in Lending Act as required. This Court disagrees.

Magistrate Judge Almond in his Report and Recommendation carefully limned the requirements of Regulation Z, as well as case law interpreting its requirements, and ultimately found that the Notice issued in the case at hand was sufficiently clear and conspicuous to meet the Regulation's standards. Magistrate Judge Almond found particular significance in the fact that the date of the loan's closing is printed at the top of the Notice. In his Report and Recommendation, Magistrate Judge Almond relied on the First Circuit's decision in Palmer v. Champion Mortgage, which utilized an objective standard for the average borrower to determine the sufficiency of notice. See Palmer v. Champion Mortgage, 465 F.3d 24, 28 (1st Cir. 2006). Applying that standard to the Notice received by Melfi, Magistrate Judge Almond found it legally sufficient. This Court agrees and finds that the Report and Recommendation appropriately considered the Federal Reserve Board's regulatory interpretation of the Truth in Lending Act.

This Court finds that Magistrate Judge Almond paid appropriate deference to Regulation Z as well as its judicial interpretations. Therefore, Melfi's first objection fails.

## IV. Objection Two

Melfi next contends that a majority of case law supports a finding that the failure to include a precise deadline to rescind is actionable. See Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699 (9th Cir. 1986) (holding that the Notice's omission of the expiration date entitled the plaintiffs to rescission); Williamson v. Lafferty, 698 F.2d 767 (5th Cir. 1983) (allowing rescission when the Notice omitted the expiration date for the rescission period). Melfi also pointed to the First Circuit's decision in Santos-Rodriguez v. Doral Mortgage Corp. for support. See Santos-Rodriguez, 485 F.3d 12 (1st Cir. 2007). However, as Magistrate Judge Almond points out, the court in Santos-Rodriguez affirmed the dismissal of the consumer's complaint and specifically rejected the "strict liability" view on TILA violations. Id. at 16-17 (adopting the clear and conspicuous standard rather than a requirement for hyper-technicality).

Beyond Santos-Rodriguez, Magistrate Judge Almond cited a number of decisions which support his Recommendation. In Carye v. Long Beach Mortgage Co., the court considered a Notice identical to the one received by Melfi and found that it would not be confusing to the average borrower. Carye, 470 F. Supp. 2d 3, 9 (D. Mass. 2007) ("[D]espite the fact that the Notices failed to include the dates of the transaction, this Court is persuaded as matter of law that the average person would be aware that the rescission period expired three days after receiving the Notices."). Similar facts were present in Megitt v. Indymac Bank, F.S.B., in which the Notice was found legally sufficient when it listed the date of the transaction but omitted the expiration date for the rescission period. Megitt, 547 F. Supp. 2d 56 (D. Mass. 2008).

The Report and Recommendation's finding that the Notice was legally sufficient is adequately supported by case law. Accordingly, Melfi's second objection fails.

## V. Objection Three

Melfi further argues that Magistrate Judge Almond and the post-<u>Palmer</u> decisions which he cites have misconstrued <u>Palmer v. Champion Mortgage</u>. Melfi contends that "<u>Palmer</u> simply stands for the proposition that a Notice [] is clear and conspicuous if it complies with the TILA and <u>contains</u> the information set forth in the model forms despite the date of it's [*sic*] delivery." Pl.'s Objection to Rep. and Recommendation of Magis. Judge Almond Dismissing Pl.'s Compl. at 12 (Nov. 25, 2008). Melfi argues that the common pervasive flaw is that the courts, and Magistrate Judge Almond, have failed to afford the mandatory deference required for Regulation Z. As discussed above, the Report and Recommendation thoughtfully considers the standards of Regulation Z and finds the Notice at issue legally sufficient pursuant to its requirements. Melfi's third objection fails.

## VI. Objection Four

Melfi's final objection argues that Magistrate Judge Almond erred in his Report and Recommendation because substantive violations of Regulation Z are actionable, regardless of their technicality. Melfi contends that Magistrate Judge Almond inappropriately depicts the inadequacies of the Notice received as "hyper-technicalities," and thus excusable.

As noted above, the First Circuit has rejected the strict liability view for TILA violations, citing TILA amendments which were intended to "'provide higher tolerance levels for what [Congress] viewed as honest mistakes in carrying out disclosure obligations.'" <u>Santos-Rodriguez</u>, 485 F.3d at 17 (quoting <u>McKenna v. First Horizon Home Loan Corp.</u>, 475 F.3d 418, 424 (1st Cir. 2007)). In this case, the Notice was clear and conspicuous despite the information omitted,

5

because the hypothetical average consumer would not have been confused by the Notice. The Notice, therefore, did not violate TILA.

## VII. Conclusion

Accordingly, the Defendants' Motion to Dismiss, considered as a Motion for Summary Judgment, is GRANTED.

SO ORDERED.

_____
Mary M. Lisi
Chief United States District Judge
January 9, 2009